UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Lester, # 075259, | ) C/A No.: 4:09-1824-HFF-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Greenville County Courthouse, | ) |
| Defendant. | ) |

Plaintiff files this civil rights action against the Greenville County Courthouse. He alleges his sentence has been changed from the original sentence he received. Specifically, he alleges that he was given life plus thirty years when he was sentenced in 1975. According to the complaint, the Greenville County Courthouse has changed his sentence to life plus sixty years. He seeks a new trial and "some money."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The defendant, the Greenville County Courthouse, consists of buildings and grounds. Inanimate objects – such as buildings and grounds – do not act under color of state law. Hence, the defendant is not a "person[s]" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). *See also Staley v. South Carolina Department of Corrections, et. al.*, 2003 WL 23541770 (D.S.C. Dec. 04, 2003)(Civil Action No. 9:03-3436-23BG), *affirmed Staley v. South Carolina Department of Corrections*, 96 Fed. Appx. 928 (4th Cir. (S.C.) May 21, 2004)(Not selected for publication in the Federal Reporter, No. 04-6022); As a result, the defendant, Greenville County Courthouse, is entitled to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See*

*Denton v. Hernandez*, supra; *Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 17 , 2009  
Florence, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).